IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CARLETTA M. MORRIS                                                                PLAINTIFF

vs.                                              CIVIL NO. 06-5213

MICHAEL J. ASTRUE,[1] COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Carletta Morris, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") under the provisions of Title XVI of the Social Security Act (the "Act").

**Procedural Background:**

The application for SSI now before this court was filed on January 15, 2004, alleging an onset date of November 1, 1995, due to complex partial seizures, post traumatic stress disorder ("PTSD"), restless leg syndrome, and dysthymic disorder. (Tr. 13, 51-53, 74-78, 89-94). An administrative hearing was held on February 7, 2006. (Tr. 336-359). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was forty-nine years old and possessed an Associates Degree in business technology. (Tr. 342). The record indicates that she had past relevant work experience as a substitute teacher, stocker, and billing clerk. (Tr. 16, 343-345).

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should, therefore, be substituted for Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

On May 22, 2006, the Administrative Law Judge ("ALJ") issued a written decision finding that plaintiff's impairments were severe. (Tr. 13). However, he concluded that they did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ("RFC") to perform light work limited by her inability to be exposed to heights and machinery. He also found that she could only perform work where the interpersonal contact is routine, the complexity of the tasks is learned by experience, the use of judgment is within limits, and the supervision required is little for routine tasks but detailed for non-routine tasks. (Tr. 14). With the assistance of a vocational expert, the ALJ determined that plaintiff could return to her PRW as a billing clerk. He also concluded that plaintiff could perform her PRW as a stocker, with the exception of the work performed in the pet department. (Tr. 16).

On September 22, 2006, the Appeals Council declined to review this decision. (Tr. 3-5). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties were afforded the opportunity to file appeal briefs, but plaintiff has chosen not to do so. (Doc. # 9).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only

if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "Under this step, the ALJ is required to set forth specifically a claimant's limitations and to determine how those limitations affect her RFC." *Id*.

The ALJ is required to consider a plaintiff's non-exertional, as well as exertional limitations when assessing the plaintiff's RFC. Examples of non-exertional limitations include obesity, pain, depression, intolerance to dust or fumes, and difficulty performing manipulative or posterior functions such as reaching, handling, stooping, climbing, crouching, or crawling. 20 C.F.R. §

404.1569(c). The United States Court of Appeals for the Eighth Circuit has made the following ruling concerning pain:

> Pain may be a nonexertional factor to be considered in combination with exertional limitations as well as a separate and independent ground for disability. . . . Where pain is considered in combination with exertional limitations, however, it need only be found significant enough to prevent the claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies.

*McCoy v. Schweiker*, 683 F.2d 1138, 1148 (8th Cir. 1982) (en banc) (reversed on other grounds).

The record in the current case indicates that plaintiff was treated for pain in her lower extremities. On December 21, 2004, she complained of pain in both legs with constant aching and periods of sharp pain from her hips down to her feet. (Tr. 216). Dr. Cheryl Hennigan noted sensitivity in the legs and severe pain with deep tendon reflexes. Further, plaintiff's posterior tibial and distal pulses were faint and hard to find. Dr. Hennigan ordered bilateral lower leg arterial dopplers and prescribed Keflex and Clinoril.[2] (Tr. 216). An arterial ultrasound revealed low-grade arterial inflow disease of both lower extremities with a greater degree of trifurcation disease on the right. (Tr. 212).

On September 15, 2005, plaintiff presented at Dr. Hennigan's office for a follow-up evaluation. (Tr. 245-246). She was diagnosed with bronchitis, mixed hyperlipidemia, arteriosclerosis, peripheral vascular disease, and hypertension. Dr. Hennigan noted persistent claudication (pain in the legs due to circulation problems) and prescribed Levaquin. (Tr. 244, 246).

---

[2]Clinoril is a prescription drug used to treat inflammation and pain associated with rheumatoid arthritis and other related impairments. *See Clinoril*, *at* www.medicinenet.com.

On November 7, 2005, plaintiff was treated by Dr. Hennigan for restless legs, arteriosclerosis, agoraphobia with panic attacks, and mixed hyperlipidemia. (Tr. 240-241). Plaintiff complained of pain in her legs while sitting, standing, and walking long distances. An examination revealed no right dorsal pedal pulse or left post tibial pulse. Plaintiff was prescribed Levaquin, Zocor, Requip, Darvon, and Trileptal and told to follow-up in a few weeks. (Tr. 241).

First, we note that this evidence was neither mentioned nor discussed by the ALJ in his opinion. *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). There is absolutely no discussion of whether or not this impairment impacted plaintiff's ability to perform work-related activities. As the ALJ is required to consider all of the plaintiff's impairments in combination, we believe that this alone warrants remand of this matter for further consideration. *See Cunningham v. Apfel*, 222 F.3d 496, 501 (8th Cir. 2000) (holding that the ALJ is required to consider all impairments in combination, regardless of whether or not any single impairment would be considered disabling). However, we also note that the most recent RFC assessment contained in the file was prepared prior to plaintiff obtaining this diagnosis. As such, an updated RFC is required. Therefore, on remand, the ALJ is directed to address interrogatories to Dr. Hennigan, plaintiff's treating physician, asking her to review plaintiff's medical records; complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, give the objective basis for her opinion, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of October 2007.

/S/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE